# Exhibit C

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## Civil Division



LISA BEAN

    Plaintiff,

v.

CORRECTIONS CORPORATION
OF AMERICA,

    Defendants

Civil Action No. 05-0008344
Judge Anna Blackburne-Rigsby
Next Court Event:
Initial Conference
January 20, 2006 at 9:30 a.m.

## DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S MOTION TO DISMISS

Defendant Corrections Corporation of America ("CCA"), by counsel, hereby moves pursuant to S.C.R. Civil Rule 12 to dismiss Plaintiff's Complaint for failure to state a claim against CCA upon which relief can be granted, as more fully set forth in the attached Memorandum of Points and Authorities in Support.

Wherefore, the Defendant CCA respectfully requests that this Court dismiss the Plaintiff's Complaint, with prejudice, with an award to Defendant CCA of its allowable costs and fees and such further and additional relief as this Court deems appropriate.

                        CORRECTIONS CORPORATION OF AMERICA
                        By Counsel

LECLAIR RYAN, A Professional Corporation

By: _____
Rebecca E. Kuehn, Esq. (D.C. Bar No. 447481)
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314
(703) 684-8007 (Telephone)
(703) 684-8075 (Facsimile)

Of Counsel:

Daniel P. Struck (D.C. Bar No. CO0037)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue
Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7323
Facsimile: (602) 200-7811

## RULE 12-I CERTIFICATION

I hereby certify that counsel for Defendant Corrections Corporation of America conferred with counsel for Plaintiff in an attempt to obtain the consent of the plaintiff for the relief sought prior to filing this Motion, but consent was not obtained.

_____
Rebecca E. Kuehn

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Dismiss was served by mail, postage prepaid, this 14th day of November 2005, upon:

    Patrick J. Christmas, Esq.
    Justin G. Nunzio, Esq.
    Ariel I. Rayman, Esq.
    PATRICK J. CHRISTMAS & ASSOCIATES, P.C.
    8401 Colesville Road, Ste. 510
    Silver Spring, MD 20910

_____
Rebecca E. Kuehn

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| LISA BEAN : | |
| Plaintiff, : | |
| v. : | Civil Action No. 05-0008344 |
| CORRECTIONS CORPORATION : | Judge Anna Blackburne-Rigsby |
| OF AMERICA, : | Next Court Event: |
| : | Initial Conference |
| : | January 20, 2006 at 9:30 a.m. |
| Defendants : | |

**DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S MEMORANDUM OF POINTS AND AUTHORTIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Corrections Corporation of America ("CCA"), through counsel undersigned hereby moves to dismiss Plaintiff's Complaint pursuant to Super. Ct. R. Civ. P. 12(b)(6). This Court should dismiss Plaintiff's Complaint because her claims neither constitute legal negligence nor are they a recognized cause of action. This Motion is supported by the following Memorandum of Points and Authorities and all pleadings filed herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Plaintiff, who was an inmate incarcerated at Defendant CCA's Correctional Treatment Facility (CTF) pursuant to a correctional services contract entered into between CCA and the District of Columbia, filed her Complaint on October 20, 2005.

In her Complaint, Plaintiff alleges that on or about November 16, 2002, while incarcerated at CTF in Washington, D.C., she was impregnated by another inmate who was also

incarcerated at CTF in Washington, D.C. *See* Complaint at ¶3. Plaintiff has asserted two causes of action against CCA. First, she alleges she got pregnant because CCA was negligent in failing to supervise her and keep her safe from other inmates. Second, she alleges she got pregnant because CCA was negligent in failing to train, instruct and supervise its employees in the proper performance of their duties, including appropriate and proper interaction between male and female inmates, the need to have inmates refrain from actions that are sexual in nature, and the need to segregate male and female inmates.

## STANDARD OF REVIEW

Under Super. Ct. Civ. R. 12(b)(6), this Court must dismiss Plaintiffs action against the District of Columbia for failure to state a claim if "it is beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Atragchi v. GUMC Unified Billing Servs.,788 A.2d 559, 562 (D.C. 2002) (quoting Fingerhut v. Children's Nat'l Med. Ctr.,738 A.2d 799, 803 (D.C. 1999)) (alterations in original), as amended, 801 A.2d 951 (D.C. 2002).

## ARGUMENT

**I.    CCA DID NOT BREACH ANY DUTY OWED TO PLAINTIFF.**

CCA personnel are responsible for the "safekeeping, care, protection, instruction, and discipline" of its inmates and have a duty of reasonable care under the circumstances, see D.C. Code § 24-442; District of Columbia v. Mitchell, 533 A.2d 629, 639 (D.C. 1987). The imposition of this duty is to ensure that the inmates are kept safe from injury and that their basic needs are met. CCA provides separate housing facilities for its female and male inmates and maintains reasonable supervision over them. In so doing, CCA complies with its duty of safekeeping, care and protection.

Here, Plaintiff has not alleged that CCA breached that duty. Indeed, the Complaint is void of any allegation that the pregnancy was a result of forced intercourse or that Plaintiff was attacked in any way. Rather, as is apparent by the lack of any such allegations, Plaintiff's pregnancy was the result of two consenting adults, who appreciated the consequences of engaging in sexual intercourse, but chose to do such anyway, without any type of prophylactic. Responsibility for Plaintiff's conduct must fall with Plaintiff and the father, not CCA. There is simply no recognized statutory or common law duty to preclude two consenting adults from engaging in sexual relations.

Accordingly, because Plaintiff has failed to satisfy the necessary elements of a negligence claim, her Complaint must be dismissed.

## II. THE DISTRICT OF COLUMBIA DOES NOT RECOGNIZE THE TORT OF "WRONGFUL PREGNANCY OR CONCEPTION."

As a result of Plaintiff's pregnancy during her incarceration, Plaintiff seeks damages for the "rearing of her child." See Plaintiff's Complaint at ¶8. This is essentially a claim for wrongful pregnancy or conception. Not only are the facts of this case incongruous with such a claim, but the District of Columbia does not recognize such a cause of action.

In Flowers v. District of Columbia, 478 A.2d 1073 (D.C. 1984), the plaintiff sued the District of Columbia for wrongful pregnancy, on a theory of respondeat superior, alleging that her tubal cauterization had been negligently performed. Plaintiff requested all costs of rearing her baby until he reached the age of 18. The Court of Appeals, after analyzing the facts, law and circumstances in detail, found that shifting the financial burden of raising an unplanned but healthy child to a physician would be wholly disproportionate to the culpability involved. Here, although the defendant is not a physician, the same analysis applies.

In Flowers, the trial court held that to allow plaintiff the costs of raising her child would give her a windfall because she cherished the baby, chose not to have an abortion and had not chosen sterilization because she could not afford a child.[1] The Court of Appeals affirmed, finding that the unique concerns and issues implicated by such a tort were "particularly unsuited for the traditional adversarial process of a negligence action in a court of law" and as such the question of whether "a plaintiff may recover the cost of rearing her healthy but unplanned child is a matter best left to measured legislative action rather than to judicial fiat." Flowers, 478 A.2d at 1077-78. That is the case regardless of the defendant.

It is important to note that Plaintiff has not set forth a "wrongful birth" claim, wherein a parent of an abnormal, unhealthy child claims that the negligent advice or treatment by a physician deprived the parent of the right to decide whether to avoid the birth of a child with congenital birth defects. See Haymon v. Wilkerson, 535 A.2d 880, 883 (D.C. 1987). It is only under these circumstances that such a claim is brought.[2] Here, there is no allegation that CCA deprived the Plaintiff of any right to decide whether to avoid the birth of the child or that the child was born with congenital birth defects. Instead, Plaintiff apparently engaged in consensual sex without using any type of contraception. As such, the facts do not support a viable claim for wrongful birth.

---

[1] Similarly, here Plaintiff chose not to have an abortion and makes no allegation that she undertook any effort to prevent the pregnancy. Of greater significance, however, is the fact that Plaintiff is not even the one raising her child as she is serving a thirty-three (33) year sentence for attempted murder in Pine Knoy, Kentucky. Thus, despite Plaintiff's assertions, she is not financially responsible and any monetary award to her would clearly be a windfall. In any event, the District of Columbia Court of Appeals does not permit such an action.

[2] Despite concerted effort, Defendant could find no case in which this claim was raised in any other context except those involving allegations of negligent provision of contraception, sterilization or terminations.

As such, Plaintiff's claim for wrongful pregnancy/conception is not a recognized tort and must be dismissed.[33]

## CONCLUSION

For the foregoing reasons, Corrections Corporation of America requests that the Plaintiff's Complaint be dismissed, that CCA be awarded its fees and costs incurred herein, and such other and further relief as the Court deems just and proper.

                        CORRECTIONS CORPORATION OF AMERICA
                        By Counsel

LECLAIR RYAN, A Professional Corporation

By: _____
     Rebecca E. Kuehn, Esq. (D.C. Bar No. 447481)
     225 Reinekers Lane, Suite 700
     Alexandria, Virginia 22314
     (703) 684-8007 (Telephone)
     (703) 684-8075 (Facsimile)

Of Counsel:

Daniel P. Struck (D.C. Bar No. CO0037)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue
Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7323
Facsimile: (602) 200-7811

---

[3] Dismissal of Plaintiff's claim would necessarily include her claim for any "emotional" damages she alleges resulted from the pregnancy.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum of Points and Authorities in Support of Motion to Dismiss was served by mail, postage prepaid, this 14th day of November 2005, upon:

>   Patrick J. Christmas, Esq.
>   Justin G. Nunzio, Esq.
>   Ariel I. Rayman, Esq.
>   PATRICK J. CHRISTMAS & ASSOCIATES, P.C.
>   8401 Colesville Road, Suite 510
>   Silver Spring, MD 20910

_____
Rebecca E. Kuehn

1550773_1