# Exhibit D

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| LISA BEAN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 05-0008344 |
| ) | Judge Blackburne-Rigsby |
| CORRECTIONS CORPORATION ) | Next Event: ISC 01/20/06 |
| OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**PLAINTIFF'S OPPOSITION TO CORRECTIONS CORPORATION
OF AMERICA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Comes Now Plaintiff, Lisa Bean, by and through counsel, Ariel I. Rayman, Esquire, and the law offices of Patrick J. Christmas & Associates, P.C., and hereby files her Opposition to Defendant Corrections Corporation of America's Motion to Dismiss Plaintiff's Complaint, and in support thereof, states as follows:

**I.   INTRODUCTION**

This case arises from an incident that occurred on or about November 16, 2002. At that time, Plaintiff Lisa Bean, was under the care, supervision and custody of the Defendant, Corrections Corporation of America (hereinafter referred to as "CCA") located at 1901 E Street, SE, Washington, D.C. While under the care, supervision and custody of the Defendant CCA, Plaintiff was impregnated by another inmate under Defendant's custody.

Plaintiff filed her complaint against CCA on October 20, 2005 and Defendant subsequently filed its Motion to Dismiss on or about November 14, 2005. Plaintiff avers

based on her Complaint and as a matter of law, Defendant's Motion to Dismiss must be denied.

## II. ARGUMENT

### A. The Motion to Dismiss Standard.

A motion to dismiss is proper only where it appears beyond doubt that the plaintiff can prove no facts that would support the claim. See <u>Schiff v. American Ass'n of Retired Persons</u>, App. D.C., 697 A.2d 1193 (1997). A complaint is sufficient so long as it fairly puts the defendant on notice of the claim against her; accordingly, liberal rules of pleading normally protect a plaintiff from dismissal at the pleading stage when the complaint can be said to state a claim if all inferences are drawn in the plaintiff's favor. See <u>Duncan v. Children's Nat'l Medical Ctr.</u> App. D.C., 702 A.2d 207 (1997). Plaintiff's complaint must be construed favorably to plaintiff. (For purposes of a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint must be construed in the light most favorable to the plaintiff and its allegations taken as true.) See <u>McBryde v. Amoco Oil Co.</u>, App. D.C., 404 A.2d 200 (1979).

As stated herein, Defendant cannot show any evidence to establish that Plaintiff failed to state a claim upon which relief can be granted. In reading Plaintiff's Complaint in light most favorable to Plaintiff and in drawing all inferences in favor of Plaintiff, Defendant's Motion must be denied. See <u>id</u>.

### B. Defendant CCA Breached its Duty Owed to Plaintiff and Plaintiff Suffered Damages as Result Thereof.

Defendant CCA raises the issue that Plaintiff failed to state a claim upon which relief may be granted and CCA did not breach any duty owed to Plaintiff. As stated herein, Plaintiff disputes Defendant's position.

2

This claim arises out an incident in which Plaintiff became impregnated while incarcerated under the control of CCA. Plaintiff asserts a claim for relief for the negligent breach and duty owed to Plaintiff. Defendant upon its own admission states that CCA provides separate housing facilities for female and male inmates and maintains "reasonable supervision over them" and provides for the "safekeeping, care, protection, instruction, and discipline" of its inmates yet Plaintiff still became impregnated by another inmate under Defendant's control.

The Defendant has offered no sufficient justification to dismiss Plaintiff's claim for breach and duty owed. Defendant principally argues that the Plaintiff has not alleged that CCA breached its duty of safekeeping, care and protection. The Defendant is simply incorrect. Plaintiff clearly alleges that the Defendant "owed Plaintiff, Lisa Bean, a duty to supervise her and keep her safe from other inmates." (Complaint ¶4) As a result of this breach of duty, Plaintiff became impregnated. Accordingly Defendant's motion to dismiss should be denied as a matter of law. At a minimum, discovery should be allowed to further investigate this matter.

Furthermore, Defendant argues that the District of Columbia does not recognize the tort of "wrongful pregnancy or conception." In support of its argument, Defendant cites Flowers v. District of Columbia, 478 A.2d 1073 (D.C. 1984). However, the issue presented in Flowers is not akin to the facts of the case at hand. The Court in Flowers focused on the negligence in preventing pregnancy. The parents claimed negligence in the provision of contraceptives or the performance of a sterilization or termination of the pregnancy operation leading to the birth of an unplanned child. See id.

In the present case, which is presumably of first impression, the Plaintiff was incarcerated under the control of the Defendant and through Defendant's breach of duty was ultimately impregnated. The Defendant is responsible for its inmates' safekeeping, care, and supervision. Defendant breached this duty. Accordingly, the Plaintiff has stated a cause of action for negligence and should be permitted to proceed as a result thereof.

## CONCLUSION

For the foregoing reason, Plaintiff respectfully requests that this Honorable Court deny the Defendant's Motion to Dismiss and permit the Plaintiff to proceed with her claim.

Respectfully submitted,

**PATRICK J. CHRISTMAS**

**& ASSOCIATES, P.C.**

Patrick J. Christmas #85985
Justin G. Nunzio, #434220
Ariel I. Rayman, #479375
8401 Colesville Road, Suite 510
Silver Spring, Maryland 20910
(301) 589-3009
*Counsel for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES

1. The record herein.

2. Sup. Ct. Rule of Civ. P. 12(b)(6)

Ariel I. Rayman

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this /7th day of November, 2005, a true and correct copy of the forging was mailed, first class, postage prepaid, to:

Rebecca E. Kuehn, Esq.
LECLAIR RYAN, P.C.
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
*Counsel for Defendant*

Ariel D. Rayman

5

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

LISA BEAN )
)
    Plaintiff, )
)
v. )  Civil Action No.: 05-0008344
)  Judge Blackburne-Rigsby
CORRECTIONS CORPORATION )  Next Event: ISC 01/20/06
OF AMERICA, )
)
    Defendant. )
_____)

## ORDER

**UPON CONSIDERATION** of Defendant's Motion to Dismiss, and the Opposition thereto, it is this _____ day of _____, 2005,

**ORDERED,** that Defendant's Motion to Dismiss be and hereby is **DENIED**; and,

                                                                                                      Judge Broderick

cc:
Patrick J. Christmas, Esquire
Justin G. Nunzio, Esquire
Ariel I. Rayman, Esquire
8401 Colesville Road, Suite 510
Silver Spring, Maryland 20910

Rebecca E. Kuehn, Esq.
LECLAIR RYAN, P.C.
225 Reinekers Lane, Suite 700
Alexandria, VA 22314