IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LISA BEAN, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:05cv2255 |
| CORRECTIONS CORPORATION OF AMERICA, | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY IN SUPPORT
OF MOTION TO DISMISS**

Defendant Corrections Corporation of America ("CCA"), through counsel undersigned hereby submits its reply in support of its Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6) and LCvR7(d). Plaintiff fails to demonstrate any set of facts in support of her claim entitling her to relief. Instead, plaintiff merely reiterates what is already contained in her Complaint, and which defendant has already demonstrated is insufficient. This Motion is supported by the following Memorandum of Points and Authorities and all pleadings filed herein.

**I. ARGUMENT**

Construing the plaintiff's Complaint in the light most favorable to plaintiff and taking all of plaintiff's allegations as true, her Complaint nevertheless fails to state a viable negligence claim. Not only has plaintiff failed to demonstrate that CCA breached any duty cognizable at law, but because plaintiff is incarcerated, and will be incarcerated for the next 30 plus years, she will not bear the expense of raising her child and an award of monetary damages for such would clearly result in a windfall to plaintiff. In addition, as CCA stated in its Motion to Dismiss, the District of

Columbia does not recognize a claim of wrongful pregnancy, which is precisely what plaintiff is alleging.

    A.    <u>Plaintiff's Complaint fails to state a claim for negligence.</u>

Essentially, plaintiff claims that her pregnancy would not have occurred but for CCA's alleged negligence. This claim fails as a matter of law. In order to prove and succeed on a claim of negligence, plaintiff must demonstrate duty, breach of that duty and damages. Here, plaintiff has not demonstrated either in her Complaint or in her response to CCA's Motion to Dismiss that CCA breached the duty imposed upon it by law. Plaintiff fully appreciated the consequences of engaging in sexual intercourse but instead of accepting responsibility for her own conduct, she wants this Court to assign it where it clearly does not belong. As CCA indicated it its Motion, the plaintiff has never alleged that she was injured, abused, or forced to engage in sexual intercourse. Absent a showing of such conduct, which has not been alleged, plaintiff cannot prove that CCA breached any duty owed to her.

    B.    <u>Plaintiff has failed to demonstrate damages.</u>

In addition, as stated above, before the plaintiff can succeed on a negligence claim, she must prove damages. Plaintiff requests damages for the cost of raising her child. Nowhere in plaintiff's response does she dispute defendant's factual assertion that she is serving a 33 year prison sentence in Kentucky. Nor does she dispute that she is not responsible for raising her child or the expenses associated therewith. Accordingly, plaintiff cannot prove damages and to permit such would certainly constitute a windfall for plaintiff.

      C.      There is no recognized tort of wrongful pregnancy or conception.

Plaintiff disregards the fact that there simply is no cause of action for what she is claiming. Although plaintiff attempts to distinguish Flowers v. District of Columbia, 478 A.2d 1073 (D.C. 1984), her distinction is irrelevant to the reason for which CCA cited it.  CCA cited Flowers for the sole proposition that the plaintiff's claim is not recognized by the District of Columbia, no matter what the underlying facts are.  It is of no consequence whether the pregnancy occurred because of failed contraceptives, sterilization, termination or because of a lack of supervision. The end result, and ultimately cause of action, is the same - wrongful pregnancy.  Therefore, contrary to plaintiff's argument, this is not a case of first impression, but is a cause of action that has been reviewed and rejected.

## II.  CONCLUSION

For the foregoing reasons, CCA respectfully requests this Court grant its Motion to Dismiss plaintiff's Complaint for failure to state a claim upon which relief can be granted.

Dated this 1st day of December 2005.

                                                                CORRECTIONS CORPORATION OF AMERICA
                                                                By Counsel

LECLAIR RYAN, A PROFESSIONAL CORPORATION

By: _____/s/_____
      Rebecca E. Kuehn (D.C. Bar No. 447481)
      225 Reinekers Lane, Suite 700
      Alexandria, Virginia 22314
      Telephone: (703) 684-8007
      Facsimile: (703) 684-8075

Daniel P. Struck (D.C. Bar No. CO0037)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue
Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7323
Facsimile: (602) 200-7811