IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LISA BEAN,<br><br>    Plaintiff,<br><br>v.<br><br>CORRECTIONS CORPORATION OF AMERICA,<br><br>    Defendant. | No. 1:05-cv-02255-HHK |

## ANSWER OF CORRECTIONS CORPORATION OF AMERICA TO PLAINTIFF'S COMPLAINT

Defendant Corrections Corporation of America ("CCA"), through counsel, hereby responds to Plaintiff's Complaint as follows:

COMPLAINT

1. The allegations contained in paragraph 1 are conclusions of law to which no response is required. To the extent a response is required, CCA denies the allegations contained therein.

2. CCA admits only that it operates a correctional facility known as the Correctional Treatment Facility ("CTF") located in the District of Columbia. CCA denies the remaining allegations of paragraph 2.

3. CCA admits only that Lisa Bean was housed at the CTF located in the District of Columbia on or about November 16, 2002. CCA is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 3 and therefore denies the same.

4. CCA admits only that it owed those duties imposed upon it as a matter of law. As to the allegations regarding the actions of defendants, agents, servants and/or employees, CCA is without sufficient knowledge or information to admit or deny said allegations and therefore denies same. CCA denies all remaining allegations of paragraph 4.

5. CCA denies the allegations contained in paragraph 5.

6. CCA denies the allegations contained in paragraph 6.

7. CCA denies the allegations contained in paragraph 7.

8. CCA denies the allegations contained in paragraph 8.

## RELIEF REQUESTED

CCA denies that Plaintiff is entitled to any of the relief she seeks.

## DENIAL OF MATTERS NOT SPECIFICALLY ADMITTED

CCA denies each and every allegation contained in Plaintiff's Complaint not specifically admitted herein. CCA further denies that it is liable to Plaintiff under any theory of law or fact.

## AFFIRMATIVE DEFENSES

9. As a separate defense or in the alternative, CCA alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

10. As a separate defense or in the alternative, CCA alleges that the Court lacks jurisdiction for the parties in this case.

11. As a separate defense or in the alternative, CCA alleges that the Court lacks jurisdiction of the subject matter in this case.

12. As a separate defense or in the alternative, CCA alleges that there is no cause of action for wrongful pregnancy.

13. As a separate defense or in the alternative, CCA alleges that its conduct was not negligent and that it did not violate the applicable standard of care.

14. As a separate defense or in the alternative, CCA alleges that it did not owe Plaintiff a duty of care under common law, statute or regulations.

15. As a separate defense or in the alternative, CCA alleges that it did not breach any duty owed to Plaintiff.

16. As a separate defense or in the alternative, CCA alleges that the actions or inactions alleged on the part of CCA were not the proximate cause of any injuries, losses or damages to Plaintiff.

17. As a separate defense or in the alternative, CCA alleges that Plaintiff did not suffer any injuries or damages for which she may recover.

18. As a separate defense or in the alternative, CCA alleges that Plaintiff's allegations arose as a result of her own negligence and/or intentional conduct, not the acts or omissions of CCA, thereby warranting dismissal of this lawsuit.

19. As a separate defense or in the alternative, CCA alleges that Plaintiff's injuries, losses and damages, if any, were the result or the negligence and/or intentional conduct of someone other than CCA, thereby reducing or eliminating any damages owed by CCA.

20. As a separate defense or in the alternative, CCA alleges that Plaintiff's injuries, losses and damages were the result of the assumption of risk by Plaintiff.

21. As a separate defense or in the alternative, CCA alleges that Plaintiff failed to mitigate her damages, thereby reducing or eliminating any damages owed by CCA.

22. As a separate defense or in the alternative, CCA alleges that it and its employees acted in good faith at all times and their actions were reasonable under all circumstances.

23. As a separate defense or in the alternative, CCA alleges that Plaintiff is not bearing the cost of rearing her child, thereby precluding any award of damages.

24. To the extent supported by the evidence, CCA will rely on the following affirmative defenses should subsequent discovery reveal these defenses are appropriate. Specifically, CCA asserts the following affirmative defenses in Rule 8(c) Fed.R.Civ.P. and Rule 12, including but not limited to: assumption of risk, contributory negligence, duress, estoppel, fraud, illegality, relief, *res judicata*, waiver, collateral estoppel, claim preclusion and/or issue preclusion, insufficiency of process and insufficiency of service of process. CCA reserves the right to amend its Answer to Plaintiff's Complaint, to assert additional defenses or withdraw defenses, and to add counter claims as may become necessary after reasonable opportunity, or discovery has occurred up through and including the trial in this matter.

WHEREFORE, having fully answered Plaintiff's Complaint, CCA requests that the claims against it be dismissed, that judgment be entered in favor of CCA and for such other and further relief as the Court deems just and proper.

CCA demands a jury trial as to all triable issues.

Dated this 5th day of January 2006.

CORRECTIONS CORPORATION OF AMERICA
By Counsel

_____/s/_____
Rebecca E. Kuehn (D.C. Bar No. 447481)
LECLAIR RYAN, A PROFESSIONAL CORPORATION
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314
Telephone: (703) 684-8007
Facsimile:  (703) 684-8075

Daniel P. Struck (D.C. Bar No. CO0037)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7323
Facsimile:   (602) 200-7811(direct)

Counsel for Defendants, *Corrections Corporation of America*