**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LISA BEAN, ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action 05-02255 (HHK) |
| ) | |
| CORRECTIONS CORPORATION ) | |
| OF AMERICA, ) | |
| ) | |
|     **Defendant.** ) | |
| _____) | |

**LOCAL RULE 16.3 MEET AND CONFER JOINT STATEMENT**

In accordance with Fed. R. Civ. P. 26(f), Local Rule 16.3, and the Court's Order, the parties before the Court, by and through their respective counsel for record, respectfully submit the following joint statement:

Plaintiff contends that on or about November 16, 2002, Plaintiff, Lisa Bean was under the care, supervision and custody of the Defendant, Corrections Corporation of America (hereinafter referred to as "CCA"), at Defendant's location of 1901 E Street, SE, Washington, D.C. While under the care, supervision and custody of Defendant CCA, Plaintiff, Lisa Bean, was impregnated by another inmate under Defendant's custody.

Plaintiff contends that Defendant failed to supervise Plaintiff and keep her safe from other inmates including but not limited to her not becoming impregnated by another inmate. Plaintiff contends that Defendant was negligent in failing to provide for the adequate instruction, training and supervision of its employees generally, and in particular in the proper performance of their duties; failing to provide its agents, servants, and/or employees involved with adequate and proper instruction, training, supervision with respect to the proper and appropriate interaction between male and female inmates; the need to have inmates refrain from actions that are sexual in nature; and the need to segregate male and female inmates. As results thereof, Plaintiff suffered grievous permanent injury to her mind and body generally and is financially and emotionally responsible for a newborn child. Additionally, Plaintiff has and in the future will incur medical and out-of-pocket expenses for herself and for the rearing of her child.

Defendant CCA denies the specific allegations of the Plaintiff, and specifically alleges that to the extent that it is proven that Plaintiff became impregnated while she was incarcerated at CCA's facility, such pregnancy was the result of Plaintiff's consensual act. Defendant CCA further denies the existence of any duty at law to prevent Plaintiff from having such relations, and denies the recoverability of the damages sought by the Plaintiff.

1.  Defendant CCA believes that the claims against it are likely to be disposed of by motion filed after the close of discovery.  Plaintiff believes that it is unlikely that the matter will be disposed of by dispositive motion.

2.  The parties do not anticipate requiring the addition of any parties or any further amendments to the pleadings. Should any party determine that it is appropriate to add an additional party or to amend the pleadings, the Parties believe that any amendment to the pleadings and or the addition of additional parties should occur within 60 days of the Scheduling Order

3.  Plaintiff believes that the matter should be set before a magistrate judge for all purposes, including trial. Defendant CCA does not agree that the matter should be set before a magistrate judge. However, CCA agrees that ADR should be conducted by a magistrate judge.

4.  The parties believe that there is a realistic possibility of settling the case.

5.  The parties are willing to have the matter referred to Alternative Dispute Resolution after discovery has been completed.

6.  The parties propose the following case management schedule for consideration by the Court (dates are pursuant to Case Tracking Schedule Three):

    (a)  Initial disclosures under 26 (a) (1) should be made within 60 days following the scheduling conference.

    (b)  Discovery should be completed by August 23, 2006.  All written discovery requests are to be served by July 1, 2006.

    (c)  Plaintiff's Federal Rule of Civil Procedure 26(a)(2) Statements should be served by June 26, 2006; Defendant's 26(a)(2) Statements should be served by July 25, 2006.

    (d)  Motions for summary judgment or other dispositive motions are to be filed by September 25, 2006, with oppositions and replies filed in accordance with the deadlines set forth in the Rules.

7.  This is not a class action.

8.  The parties do not believe that trial or discovery should be bifurcated or managed in phases at this time

9.  The parties propose that a final pretrial conference be set within 60 days after the Court rules on dispositive motions.

10. The parties agree that the Court should defer setting a trial date until the final pretrial conference.

Respectfully submitted,

_____/s/_____
Patrick J. Christmas, Esq.
Justin Nunzio, Esq.
Ariel I. Rayman, Esq.
PATRICK J. CHRISTMAS & ASSOCIATES
8401 Colesville Road Suite 510
Silver Spring, MD 20910
*Counsel for Plaintiff*

LeCLAIR RYAN, A Professional Corporation

By:_____/s/_____
          Rebecca E. Kuehn, Esq.
          Leslie V. Heenan, Esq.
          225 Reinekers Lane, Suite 700
          Alexandria, VA 22314
          703-684-8007
          703-684-8075 (facsimile)

Daniel P. Struck (D.C. Bar No. CO0037)
Jones, Skelton & Hochuli, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, AZ  85012
602-263-7323 (telephone)

*Counsel for Defendant*